IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDDY AKIENS              :        CIVIL ACTION
                             :
          v.               :
                             :
JAMES T. WYNDER, et al.      :        NO. 08-445

**MEMORANDUM AND ORDER**

**JOEL H. SLOMSKY, J.**                                 **February 6, 2009**

        Before the Court is Petitioner Freddie Akiens' pro se Motion for Equitable Relief Pursuant

to Fed. R. Civ. P. 60(b)(6) and 60(b)(4) (Doc. No. 1). For the reasons that follow, all relief sought

in Petitioner's Motion is DENIED.

**I.        PROCEDURAL HISTORY**

        On May 31, 1994, upon his conviction by a jury in the Court of Common Pleas of

Philadelphia County, Petitioner was sentenced to a mandatory life sentence for murder and

consecutive sentences of eleven and one-half to twenty-three months for possession of an instrument

of a crime, and twenty-four to forty-eight months for conspiracy. On December 29, 1994, the

Superior Court of Pennsylvania affirmed the trial court's sentence. See Commonwealth v. Akiens,

657 A.2d 46 (1994). Thereafter, Petitioner filed multiple Post Conviction Relief Act ("PCRA")

petitions, all of which were dismissed by the PCRA court. The Pennsylvania Supreme Court

affirmed all of the dismissals.

1

Petitioner filed his first PCRA petition on November 20, 1996. [1] (See Order Adopting Report & Recommendation, Akiens v. Vaughn, 01-cv-396 (Doc. No. 11).) That petition was timely filed and, as amended, asserted that Mark Linden, the prosecution's sole identification witness at trial, recanted his testimony in which he identified Petitioner as the killer. (Id.) On February 20, 1998, the PCRA court dismissed the PCRA petition, and on June 11, 1999, the Pennsylvania Superior Court affirmed that dismissal. (Id.) The Pennsylvania Supreme Court denied *allocatur* on January 27, 2000. (Id.)

Petitioner filed a second PCRA petition on April 19, 2000. (Id.) That petition was dismissed as untimely by the PCRA court on September 14, 2001. (Id.) On December 20, 2002, the Pennsylvania Superior Court affirmed the order denying the PCRA petition as untimely. Petitioner did not seek *allocatur*.

Petitioner filed a third PCRA petition on September 24, 2004. (Id.) The PCRA court again dismissed the petition as untimely. (Id.) On March 2, 2006, the Pennsylvania Superior Court affirmed the order denying the PCRA petition as untimely.

Petitioner has filed two prior federal habeas corpus petitions with the Court (Giles, J.) pursuant to 28 U.S.C. § 2254. Both petitions attacked the same state court conviction and the sentence imposed on May 31, 1994 that is attacked in the instant Rule 60(b) petition. On January 25, 2001, while Petitioner's second PCRA petition was pending in the Philadelphia Court of Common Pleas, Petitioner filed his first § 2254 petition, captioned in this Court as Akiens v. Vaughn, 01-cv-396. On November 7, 2001, the Court (Giles, J.) dismissed the § 2254 petition

---

[1] Magistrate Judge Carol Moore Wells' Report and Recommendation, adopted by an Order of the Court (Giles, J.) on November 5, 2001, recites Petitioner's state court procedural history through July 17, 2001.

without prejudice because it contained claims that were still pending in state court.  On April 17, 2006, Petitioner filed a motion in the Third Circuit seeking leave to file a second or successive habeas corpus petition.  On September 28, 2006, the Third Circuit ruled that the motion was moot because Petitioner's first petition had been dismissed by Judge Giles without prejudice and this ruling permitted petitioner to refile his habeas petition.  See In re: Freddy Akiens, C.A. No. 06-3695 (3d Cir. Sept. 28, 2006).

On November 15, 2006, Petitioner filed his second habeas corpus petition, captioned as Akiens v. Wynder, 06-cv-5239.  That petition raised a claim of actual innocence based on Petitioner's claim that Mark Linden, the prosecution's sole identification witness at trial, recanted his testimony in which he identified Petitioner.  Petitioner argued that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA statute of limitations should begin to run on September 1, 1996, the date that Mr. Linden recanted his testimony and when this evidence was discovered through the exercise of due diligence.[2]

---

[2] 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims

On April 26, 2007, Magistrate Judge Carol Moore Wells issued a Report and Recommendation that Petitioner's second habeas corpus petition be denied as untimely pursuant to the AEDPA statute of limitations.  See Akiens v. Wynder, 06-cv-5239, 2007 WL 1810687, at *3 (E.D. Pa. June 20, 2007).  Judge Wells noted that, even using the alternative starting date allowed by § 2244(d)(1)(D), Petitioner's habeas corpus petition was untimely.[3]  Id.  Judge Wells further noted that Petitioner did not qualify for statutory tolling or equitable tolling pursuant to Third Circuit law. Id. at *3-4.  On June 20, 2007, the Court (Giles, J.) approved and adopted Judge Wells' Report and Recommendation and dismissed Petitioner's habeas corpus petition.  Akiens v. Wynder, 2007 WL 1810687.  Petitioner filed a notice of appeal to the Third Circuit, but that Court denied his request for a certificate of appealability.  See Akiens v. Wynder, No. 07-3080 (3d Cir. Oct. 5, 2007).

II.     DISCUSSION

A.      The Writ of Habeas Corpus Generally.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody.  Habeas corpus motions pursuant to AEDPA are the

---

presented could have been discovered through the exercise of due diligence.

[3] In the Report and Recommendation, Judge Wells calculated that, using Petitioner's alternative date, he had one year from September 1, 1996 to seek federal habeas relief.  Petitioner filed his first PCRA petition after 78 days of the one year period had elapsed.  Petitioner had 287 days to file his federal petition after the Pennsylvania Supreme Court denied his state petition on January 27, 2000.  Petitioner failed to file his federal habeas petition by November 9, 2000– the date his statute of limitations period expired.

4

only possible means of obtaining this type of relief from state custody.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

To limit the scope of this extraordinary relief and to promote finality in state and criminal prosecutions, Congress enacted a series of intentionally restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail in his petition.  One restrictive gate-keeping condition is AEDPA's one-year statute of limitations, created by 28 U.S.C. § 2244(d).  Another restrictive gate-keeping condition is AEDPA's "second or successive rule," set forth in 28 U.S.C. § 2244(b), which forbids a litigant from filing a § 2254 habeas petition if that litigant had at least one previous § 2254 habeas petition –attacking the same state conviction and/or sentence– dismissed after adjudication of the merits of the claims presented.

**B.      Rule 60(b) of the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); Fed. R. Civ. P. 60(b). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b), however, only applies to habeas proceedings "to the extent that

the practice in such proceedings is not specified in a federal statute [or] the Rules Governing Section 2254 Cases."  Fed. R. Civ. P. 81(a)(4).  In <u>Gonzalez</u>, the Supreme Court considered the extent to which AEDPA limited the application of Rule 60(b).  545 U.S. 524 (2005).  The Court held that if a motion for relief under Rule 60(b) sets forth a "claim" under 28 U.S.C. § 2254, such motion must be considered a successive petition for habeas corpus relief, requiring authorization to proceed from the circuit court of appeals.  <u>Id.</u> at 532.  A Rule 60(b) motion sets forth a "claim" if it attempts to "add a new ground for relief" or "attack the federal court's previous resolution of a claim on the merits."  <u>Id.</u>  A Rule 60(b) motion does not set forth a "claim" if it attacks "some defect in the integrity of the federal habeas proceedings" and not "the substance of the federal court's resolution on the merits."  <u>Id.</u>  Similarly, in <u>Pridgen v. Shannon</u>, the Third Circuit held that:

> In instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

380 F.3d 721, 727 (3d Cir. 2004).

Rule 60(b) cannot be used to circumvent AEDPA's restrictions against second or successive petitions.  <u>Gonzalez</u>, 545 U.S. at 531-32.  A Rule 60(b) motion that attacks "the substance of the federal court's resolution of a claim on the merits" is considered to be a second or successive petition.  <u>Id.</u> at 532.  Where a Rule 60(b) motion, however, attacks "some defect in the integrity of the federal habeas proceedings," such as a prior denial on AEDPA statute of limitations grounds, it is not considered a second or successive petition and a court may consider whether relief under Rule 60(b) is appropriate.  <u>Id.</u> at 532 n.4, 533, 535-36.

C.     **Petitioner's Motion for Relief Pursuant to Rule 60(b)**

Petitioner seeks relief under Fed. R. Civ. P. 60(b), not AEDPA.  He asserts several grounds

for relief, and the Court will address each in turn.

1.     Petitioner's Substantive Challenges are Barred as Second or Successive
       Habeas Petitions.

In the instant motion, Petitioner contends that the Court's (Giles, J.) ruling on his second

habeas petition was unreasonable and contrary to federal law and/or Congressional intent; that his

state court conviction was a miscarriage of justice; and that he is actually innocent.  (See Petitioner's

Mot. for Equitable Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(b)(4) (hereinafter "Mot. for

Equitable Relief")).

These assertions clearly allege violations of the United States Constitution, and as such, are

"claims" as defined by the United States Supreme Court.  Gonzalez, 545 U.S. at 532-536.  The

portions of Petitioner's motion that contain "claims" are to be treated as a second or successive

habeas petitions and cannot be filed without properly petitioning the Third Circuit.  Id.

2.     The Court Adequately Warned Petitioner in His First Habeas Petition of
       the One Year Statute of Limitations.

Petitioner seeks relief under Rule 60(b) asserting that the Court (Giles, J.) erred in dismissing

his first habeas petition without warning him that any future habeas corpus petition could be time-

barred.  (Mot. for Equitable Relief at 10-12.)  While his petition for relief is cognizable under Rule

60(b), this Court does not accept Petitioner's assertion on the merits.

Before a district court may rule on a § 2254 petition from a *pro se* petitioner, it must notify

the petitioner that he may: (1) have his petition ruled on as filed, or (2) withdraw the petition and file

one all-inclusive § 2254 petition "within the one year statutory period." Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000); United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) (holding the same for a § 2255 petition). This notice is required "out of a sense of fairness," because of AEDPA's restrictive effect on successive habeas petitions. Mason, 208 F.3d at 418.

Upon receipt of Petitioner's first habeas petition, the Court (Giles, J.) issued an Order on February 23, 2001 warning Petitioner of his time limits under the habeas corpus statute. The Order reads, in relevant part:

> The petitioner is informed that it is essential that a habeas corpus motion include all potential claims for which a petitioner might desire to seek review and relief because a second or successive habeas corpus motion cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals. The petitioner should inform the court immediately whether he wishes to proceed with the pro se motion or withdraw the pro se motion and file one new, all-inclusive habeas corpus motion within the one year time limit set by 28 U.S.C. § 2244. . . . If the pro se motion was filed within the one-year time limit, and that limit has expired or will expire within the next 119 days, the Court will grant petitioner 120 days from the date of this Order to file one new all-inclusive habeas corpus motion. . . . [I]f no written notification of withdrawal is received within thirty (30) days of the date of this Order, the Court will proceed to decide the pro se motion as filed and captioned.

Akiens v. Vaughn, 01-cv-396 (Order, Feb. 23, 2001 (Doc. No. 2)) (emphasis added).[4]

Because the Court (Giles, J.) warned Petitioner of AEDPA's one-year statute of limitations, Petitioner's Rule 60(b) claim regarding a lack of warning is denied.[5]

---

[4] Petitioner did not respond to the Court's Order within 30 days, so the Court (Giles J.) considered his habeas petition as filed.

[5] Neither former Judge Giles' November 7, 2001 Order nor the Report & Recommendation it adopted contains a warning that any future habeas corpus petition could be time-barred. However, the February 23, 2001 Order placed Petitioner on notice of § 2244's one

3. <u>The Court Properly Dismissed Petitioner's Second Habeas Petition on Statute of Limitations Grounds.</u>

In his second habeas petition, Petitioner claimed that he is actually innocent of the state crimes for which he was convicted, and that newly discovered evidence demonstrates his innocence. In his Rule 60(b) motion, he argues that the Court (Giles, J.) should have considered the "actual innocence" claim in his second habeas petition and that AEDPA's statute of limitations should not have barred his petition.  (Mot. for Equitable Relief at 2-7 (citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995))).  To the extent that Petitioner's Rule 60(b) motion attacks how the Court (Giles, J.) made its decision on his previous habeas case – the dismissal of the petition on statute of limitations grounds – his claim is cognizable under Rule 60(b).

AEDPA extends the statute of limitations for circumstances involving newly discovered evidence.  In petitions attacking state convictions, the statute of limitations does not expire until one year after newly discovered evidence of actual innocence could have been first discovered through the exercise of reasonable diligence.  28 U.S.C. § 2244(d)(1)(D).  In adopting Judge Wells' Report and Recommendation, the Court (Giles, J.) calculated the period during which Petitioner needed to initiate his habeas action, based on the conclusion of direct review and, in the alternative, based on the date of his alleged newly discovered evidence.  <u>Akiens v. Wynder</u>, 2007 WL 1810687, at *3. The Court (Giles, J.) found that the petition was untimely and Petitioner was not eligible for statutory or equitable tolling.  Today, this Court reaffirms that finding and denies Petitioner's Rule 60(b) petition for the same reasons.

---

year filing requirement.

4.      The Court Properly Denied an Evidentiary Hearing on Petitioner's Second
        Habeas Petition.

Petitioner next asserts that the Court (Giles, J.) erred in dismissing his second habeas petition

without first granting an evidentiary hearing.  (Mot. For Equitable Relief at 9.)  Petitioner's claim

is cognizable under Rule 60(b) because he is challenging a "nonmerit aspect of the federal habeas

proceedings."  Gonzales, 545 U.S. at 534.  Petitioner's 60(b) motion should be denied, however,

because he has "failed to forecast any evidence beyond that already contained in the record that

would help his cause or otherwise explain how his claim would be advanced by an evidentiary

hearing."  Harper v. Vaughn, 272 F. Supp.2d 527, 538 (E.D. Pa. 2003).

Petitioner asserts that even if the factors requiring an evidentiary hearing were absent, the

Court (Giles, J.) had the inherent authority to grant the hearing. (Mot. For Equitable Relief at 9.)  It

is well within the discretion of the court, however, to determine that even with the benefit of an

evidentiary hearing, Petitioner could not develop a factual record entitling him to habeas relief.

Schriro v. Landrigan, 550 U.S. 465, 474 (2007).  The court has the discretion to deny an evidentiary

hearing if the motion, files and record of the case conclusively establish that the prisoner is not

entitled to relief.  United States v. Nino, 878 F.2d. 101, 103 (1989).  Petitioner's Motion, along with

the files and records of his previous habeas petitions filed in this Court, conclusively establish that

Petitioner could not demonstrate, even if afforded the opportunity for an evidentiary hearing, that

he would be entitled to relief under his second habeas petition.

5.      The Court Properly Found That Equitable Tolling Did Not Apply.

Petitioner incorrectly states that the Court (Giles, J.) dismissed his second habeas petition as

time-barred without first considering whether Petitioner was reasonably diligent in pursuing his

actual innocence claim.  (Mot. for Equitable Relief at 4-5.)  To the extent that Petitioner challenges the procedural aspects of the Court's (Giles, J.) prior review of his actual innocence claims, such challenges are proper under Rule 60(b).[6]

     A Court may equitably toll the statute of limitations for a habeas petition if the petitioner acted reasonably diligent in pursuing his actual innocence claim.  <u>Merritt v. Blaine</u>, 326 F.3d 157, 168 (3d Cir. 2003).  In making its habeas determination, the Court (Giles, J.) held that Petitioner "has not demonstrated that he exercised 'reasonable diligence' in investigating and pursuing his federal claim."  <u>Akiens v. Wynder</u>, 2007 WL 1810687, at *4.   The Court (Giles, J.) reasoned:

> Petitioner filed an untimely second PCRA petition more than three years after his AEDPA statute of limitation had expired.  A petition, dismissed by the state court as untimely, does not demonstrate reasonable diligence in investigating and bringing Petitioner's claims [sic].  Furthermore, Petitioner waited over six years beyond the statutory deadline of November 9, 2000, to file his habeas corpus petition.  The record, thus, is devoid of factual justification for equitable tolling.

<u>Id.</u>  This Court reaffirms this finding.  Accordingly, Petitioner is incorrect in his assertion that the Court (Giles, J.) failed to consider whether he was reasonably diligent in pursuing his actual innocence claim.

     An appropriate order follows.

---

[6] To the extent that Petitioner makes substantive challenges to the Court's (Giles, J.) findings in this regard, his claim is barred as a second or successive habeas petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDDY AKIENS                         :        CIVIL ACTION
                                      :
                v.                    :
                                      :
JAMES T. WYNDER, et al.               :        NO. 08-445

**<u>ORDER</u>**

AND NOW, this 6th day of February, 2009, upon consideration of the Petitioner's

Motion for Equitable Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and 60(b)(4) (Docket No. 1), it

is hereby ORDERED as follows:

1.      Petitioner's Motion is DENIED WITH PREJUDICE.

2.      Any pending motions shall be denied as moot.

3.      The Clerk shall close the case.

BY THE COURT:

  /s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.